# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STACY HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-cv-00736-NKL |
| C. R. Bard, INC. and BARD | ) |
| PERIPHERAL VASCULAR, INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

Bard's Motion to Strike the general opinions of Dr. Blackman, Doc. 54, is granted in part and denied in part. Dr. Blackman cannot rely on or incorporate in his own opinions, the specific portion of the expert testimony of Dr. Hurst which was stricken by the MDL court. While Dr. Blackman may be qualified to give the same opinion that was stricken by the MDL court, it would undermine the MDL discovery process to permit specific causation experts to clean up evidentiary defects found by the MDL court that caused it to exclude part of a general causation expert's testimony.

Otherwise, the Motion is denied because Bard has not identified additional examples of how it would be prejudiced merely because Dr. Blackman is incorporating material developed by the MDL general causation experts into his specific causation opinions. Bard acknowledges that Dr. Blackman can rely on general expert testimony developed during the MDL to form his specific opinions in this case. Therefore, Bard is not prejudiced if Dr. Blackman testifies consistently with those MDL general causation opinions. At the MDL, Bard had an opportunity to depose and challenge the general MDL experts that Dr. Blackman is allegedly relying on.

1

Indeed, that process led to the exclusion of part of Dr. Hurst's testimony. While Bard suggests that Hughes is seeking a "second-bite of the apple" by using Dr. Blackman to incorporate general causation testimony into his specific causation analysis, Bard fails to demonstrate anything that Hughes gains by a "second-bite at the apple," much less some prejudice Bard would suffer that would justify the painstaking process of drawing a line between specific and general causation testimony, a line which is inherently diffuse and will likely evolve as the case unfolds during a jury trial.

In addition, Bard has not demonstrated how the MDL process will be undermined by permitting Dr. Blackman to directly incorporate into his opinions the general MDL discovery. So long as Hughes' specific causation expert is not contradicting the material developed during general discovery or the MDL rulings, the MDL process has functioned as expected. There is no "second-bite of the apple" in terms of the substance of the MDL discovery. However, requiring the actual MDL experts to provide all the general expert testimony at trial, as opposed to a specific causation expert incorporating and relying on the general MDL discovery, is likely to make the jury trial process more cumbersome, without providing any added protection for the MDL process.

Finally, the admissibility of Dr. Blackman's testimony under the Federal Rules of Evidence, is a matter appropriately raised in a motion in limine or a Daubert challenge, not subsumed in a motion that seeks to make a distinction between general and specific testimony. Therefore, the Court does not resolve here whether Dr. Blackman's testimony is irrelevant or otherwise inadmissible; it only finds that the testimony is not excluded because it may be characterized as "general expert testimony." Once the Court has had the opportunity to evaluate

2

these issues within the broader context of the case, the Court may or may not find that Dr. Blackman's testimony is wholly or in part admissible.

In its Motion to Strike, Bard requests leave of Court to serve expert reports to rebut any statements, opinions, and conclusions offered by Dr. Blackman that are not struck by the Court. Doc. 55, p. 13.  The Court concludes that this is an issue appropriately addressed in a telephone conference.  Therefore, the request is taken under advisement.

For the foregoing reasons, Bard's Motion to Strike the general opinions of Dr. Blackman, Doc. 54, is granted in part.  Dr. Blackman cannot rely on or incorporate in his own opinions, the portion of the expert testimony of Dr. Hurst which was stricken by the MDL court.  Otherwise, the Motion to Strike, Doc. 54, is denied.  The Court has taken under advisement Bard's request for additional expert discovery to rebut Dr. Blackman's testimony, pending a scheduled phone conference.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 12, 2020
Jefferson City, Missouri